IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADO, | No. C 06-00752 JW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| A. P. KANE, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner Luis Delgado, a California state prisoner proceeding pro se, filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a parole suitability decision by the California Board of Prison Terms. The Court ordered respondent[1] to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it and lodged exhibits with the Court. Respondent also filed a motion to dismiss, which this Court denied. Petitioner filed a traverse. For the reasons discussed

---

[1] When petitioner filed his petition, the proper respondent was A.P. Kane, who was then acting Warden at the Correctional Training Facility in Soledad, where petitioner was and is incarcerated. Now, however, the proper named respondent in this action is Ben Curry, who is currently the acting Warden at Soledad. Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where petitioner is incarcerated is the proper respondent); Rule 2(a), 28 U.S.C. § 2254.

below, the Court DENIES the petition.

## BACKGROUND

The charges against petitioner arose from his murder of a security guard. Petitioner, who is currently in the custody of the California Department of Corrections and Rehabilitation at the Correctional Training Facility in Soledad, was found guilty in 1988 of second-degree murder. Order to Show Cause at 1-2 ("OSC"). The Superior Court for the County of Los Angeles sentenced petitioner to seventeen years to life. Id. at 2.

In 2004, the Board of Prison Terms ("BPT" or "Board"), after a parole hearing, found petitioner unsuitable for parole, stating that he "pose[d] an unreasonable risk of danger to society or threat to the public safety if released." Ans., Ex. 2 at 46. The Board cited as reasons for its decision the "especially cruel and callous" manner in which the murder was carried out, petitioner's "escalating pattern of criminal conduct," his unstable social history, and his inadequate plans for parole. Id. 46-51.

In response to the BPT's decision, petitioner filed state habeas petitions, later denied, with the California superior, appellate and supreme courts. OSC at 2. Petitioner filed the instant federal petition in 2006 in the Central District of California, which transferred the action to this Court because petitioner is challenging a parole suitability decision made by the BPT at Soledad. Id. at 1.

The BPT summarized the circumstances of petitioner's commitment offense as follows:

> On April 10, 1988, at approximately 0130 hours, [petitioner] shot and killed [Enrico Bonner] in a drive-by shooting. [Petitioner] shot [Bonner] five times with a .22 caliber rifle. On April 9, 1988, [petitioner] attempted to enter a wedding reception without an invitation . . . Bonner, who was a security guard, ejected [petitioner] from the premises. [Petitioner] then threatened to kill [Bonner]. Several hours later, Bonner and several other security guards were standing outside . . . when [petitioner] and several other occupants in a car drove by. [Petitioner] was in the front passenger side of the vehicle. He held a .22 caliber rifle out of the window and fired five shots. Enrico Bonner was struck in the right forearm, left hip, lower

United States District Court
For the Northern District of California

left back, right buttocks, and one shot struck his heart, killing him. Ans., Ex. 2 at 11-12.

As grounds for federal habeas relief, petitioner alleges that the BPT's failure to set a parole date violated petitioner's right to due process of law, that the BPT's determination was unsupported by "evidence that would bring petitioner within the terms of [California] Penal Code [section] 3041" and the BPT's findings and reasons for denying parole were an abuse of discretion. Pet. at 5-6. Because these contentions are so closely linked both factually and legally, the Court will address these contentions together as it reviews the Board's reasons and evidence for its decision.

**STANDARD OF REVIEW**

A federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d) applies to a habeas petition from a state prisoner challenging the denial of parole. See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Delgado752_denyHC (MD).wpd          3

court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." See Williams (Terry), 529 U.S. at 413.

A reviewing federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. Id. at 409.

The state court decision to which section 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case the denial of petitioner's state habeas petition by the Superior Court of California for the County of Los Angeles. See Nunnemaker at 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079, n.2 (9th Cir. 2000).

## DISCUSSION

Petitioner contends that the Board's failure to fix a parole date in compliance with California Penal Code section 3041 violated his right to due process, that the Board's reliance on the unchanging factors of his commitment offense and his criminal history, as well as its use of evidence regarding his post-parole plans in making its decision, violated his right to due process and constitutes an abuse of discretion because the decision does not comport with the "some evidence" standard, which is described below. Pet. at 5-6, Trav. at 2, 21. The Court will address these

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Delgado752_denyHC (MD).wpd      4

contentions in the two following sections devoted to (1) the Board's examination of petitioner's commitment offense and (2) the Board's examination of petitioner's social history and other parole suitability factors.

The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Irons v. Carey, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in Superintendent v. Hill, 472 U.S. 445-55 (1985)); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002). The evidence underlying the Board's decision must also have "some indicia of reliability." McQuillion, 306 F.3d at 904; Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003).

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455; Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006). The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457).

**A.  The Board's Use of the Circumstances of the Commitment Offense**

Petitioner contends that the Board's continuing use of the circumstances of his commitment offense as the basis for denying him parole violates his right to due process, and, on a related note, does not comport with the some evidence standard. Pet. at 5.

The BPT did base its decision, in part, on the circumstances of the commitment offense. Specifically, the BPT stated that petitioner's commitment offense, a drive-by shooting, was "carried out in a dispassionate and calculated

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Delgado752_denyHC (MD).wpd         5

manner . . . that demonstrates an exceptionally callous disregard for another human being," certainly had "elements of an execution-style murder" and was motivated by "inexplicable" and "trivial" reasons. Ans., Ex. 2 at 46. The BPT emphasized that petitioner, after Bonner refused him entry into the wedding, left to arm himself and then returned to revenge himself on the victim. Id. at 47. In its examination of the Board's decision, the Los Angeles Superior Court stated that the circumstances of the commitment offense, especially the fact that it was a drive-by shooting, constituted "some evidence" that the crime "was carried out in a calculated and dispassionate manner." Ans., Ex. 6 at 2. Furthermore, the superior court stated that murdering Bonner because he denied petitioner access to a wedding party constituted "some evidence" that the motive for the commitment offense was "trivial." Id.

The BPT may consider the gravity of the commitment offense in assessing an inmate's suitability for parole. See Cal. Pen. Code § 3041(b). The commitment offense may be a circumstance indicating unsuitability for parole if the "prisoner committed the offense in an especially heinous, atrocious, or cruel manner." Cal. Code of Regs. tit. 15, § 2402(c)(1). In determining this, the BPT may consider whether "the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering," and "[t]he motive for the crime is inexplicable or very trivial in relation to the offense." Id.

Recent Ninth Circuit cases reflect that a critical issue in parole denial cases is the Board's use of evidence from the commitment offense and prior offenses. In Biggs v. Terhune, the court explained that the some evidence standard may be considered in light of the Board's decisions over time. See 334 F.3d at 916-17. The court reasoned that "[t]he Parole Board's decision is one of 'equity' and requires a careful balancing and assessment of the factors considered . . . A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Delgado752_denyHC (MD).wpd             6

the prison system and could result in a due process violation." Id.  Although the Biggs court upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, the court cautioned that "[o]ver time, however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of his offense would raise serious questions involving his liberty interest." Id. at 916.

The court in Sass v. California Board of Prison Terms, however, criticized the decision in Biggs: "Under AEDPA it is not our function to speculate about how future parole hearings could proceed." Sass, 461 F.3d at 1129.  Sass determined that it is not a due process violation per se if the Board determines parole suitability based solely on the unchanging factors of the commitment offense and prior offenses.  See id. (prisoner's commitment offenses in combination with prior offenses amounted to some evidence to support the Board's denial of parole). However, Sass does not dispute the argument in Biggs that, over time, a commitment offense may be less probative of a prisoner's current threat to the public safety.

Moreover, in the recent Irons decision, the Ninth Circuit emphasized the continuing vitality of Biggs.  See Irons, 479 F.3d 658.  However, the court found that relief for Irons was precluded by Sass.  Id.  The Ninth Circuit explained that all of the cases in which it previously held that denying parole based solely on the commitment offense comported with due process were ones in which the prisoner had not yet served the minimum years required by the sentence.  Id. at 665.  Also, noting that the parole board in Sass and Irons appeared to give little or no weight to evidence of the prisoner's rehabilitation, the Ninth Circuit stressed its hope that "the Board will come to recognize that in some cases, indefinite detention based solely

an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from relevant California statutes." Id. (citing Biggs, 334 F.3d at 917). Even so, the Ninth Circuit has not set a standard as to when a complete reliance on unchanging circumstances would amount to a due process violation.

Petitioner's claims that the Board violated his due process rights or that its findings were not supported by some evidence or that it was an abuse of discretion are without merit. This Court, having reviewed the record, finds some evidence to support the BPT's findings, consonant with due process and the Ninth Circuit's holding in Biggs, that petitioner was unsuitable for parole, even if the Board's decision were based solely on his commitment offense. Specifically, the Board found that the commitment offense was committed in a manner that demonstrates an exceptionally callous disregard for another human being and was carried out in a dispassionate and calculated manner: "This case is as close to first degree murder that I've seen. It was carried out like an execution-style murder, a drive by shooting." Ans., Ex. 2 at 46. This finding is bolstered by the fact that petitioner shot Bonner even though he had time to consider his actions. That is, even though he had time after his ejection by Bonner to consider his next steps, petitioner still decided to arm himself, arrange for accomplices to drive him by Bonner to complete his revenge, and shoot at and kill him.

Furthermore, the evidence in the record supports the BPT's finding that the motive for the crime was, in the words of the BPT, "trivial" in relation to the offense. Ans., Ex. 2 at 46-47. Specifically, as the Board declared, "this is a classic case of a trivial type of motive, to kill someone because you're thrown out of a party, and certainly that was trivial if I've ever seen a trivial motive." Id. at 47. From this, the Court finds "some evidence" in support of the Board's finding that

this was a trivial reason to murder another.

While the circumstances of the commitment offense are long past, they provide at this time, some evidence to support the Board's decision. So, rather than constituting a violation of petitioner's due process rights and an abuse of discretion, the record reflects that the Board's decision was based on some evidence and was arrived at in compliance with the Board's statutory discretion.

Significantly, petitioner's claim is also without merit because, as the next section of this order makes clear, the Board did not rely solely on the fact of the commitment offense in making its determination, but also considered and relied on other relevant evidence.

Because the Court finds that the BPT's decision was based on some evidence, the Court concludes that the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(1), (2).

**B.  The Board's Use of Petitioner's Social History and Other Factors**

Petitioner contends that the BPT's decision violated his right to due process and the some evidence standard when it based its finding of parole unsuitability on other unchanging factors, such as petitioner's criminal history, and other more mutable factors, such as petitioner's lack of adequate post-parole plans, and the opposition of law enforcement to his release. Trav. at 23-24, 26-28.

The BPT cited several other reasons, other than the fact and circumstances of the commitment offense, on which it based its decision that petitioner was unsuitable for parole. These reasons included petitioner's "unstable social history" of heavy alcohol use, his history of "escalating" criminal offenses, his misbehavior while in prison, his lack of adequate parole plans, and the opposition of the prosecutor and

police department to petitioner's release. Ans., Ex. 2 at 47-48. In its examination of the record, the Los Angeles Superior Court found that petitioner's lack of realistic parole plans for his likely residence in Mexico constituted "some evidence" to support the Board's finding of parole unsuitability. Ans., Ex. 6 at 2.

An unstable social history is listed as a circumstance tending to indicate unsuitability. Cal. Code of Regs. tit. 15, 2402(c)(3). In addition, circumstances which taken alone that do not clearly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability: "[a]ll relevant, reliable information available to the panel shall be considered in determining suitability for parole." Id. at section 2402(b).

Petitioner's claim is without merit. The Court, having reviewed the record, finds that there is some evidence in the record to support the BPT's finding of parole unsuitability based on the above stated reasons. As evidence of petitioner's unstable social history, the BPT cited the fact that petitioner was raised in a single-parent household and used marijuana at an early age.[2] Ans., Ex. 2 at 14 & 15. The BPT also noted that petitioner had "somewhat of an escalating pattern of criminal conduct," including, in the years before the commitment offense occurred, receiving stolen property, narcotics possession, and failing probation after a conviction for tampering with a vehicle. Id. at 12-13, 47. The BPT also noted that petitioner had been cited for misbehavior in prison, including the possession of inmate-manufactured alcohol and contraband ink, which is often used for tattooing.[3] Id. at 17-18, 21, 43-44, 50.

---

[2] A 2004 psychological evaluation of petitioner stated that he was "raised by his mother and stepfather." Ans., Ex. 5.

[3] Petitioner's psychiatrist's report stated that petitioner's "history of disciplinary problems for [the] use of alcohol ended when he started in Alcoholics Anonymous." Ans., Ex. 2 at 21.

Petitioner's lack of adequate parole plans also troubled the BPT. Id. at 48. Petitioner, who is a citizen of Mexico, faces likely deportation because of his criminal conviction and, as the BPT noted, had no job offers in either the United States or in Mexico, the country where, because of the likelihood of deportation, petitioner would most likely go if released from prison.[4] Id. The BPT also noted that petitioner has no family remaining in Mexico, and, therefore, no system of support there. Id. at 40. The BPT also noted that the prosecutor and the arresting police department were opposed to petitioner's release, based on the facts of his criminal past and the gravity of his commitment offense. Id. at 31-32, 48.

Petitioner's claim is without merit. While the major events of drug and alcohol use and the events in his criminal and social history are long past events and while at some point they may cease to be entitled to much weight, they provide, at this point, some evidence, along with his lack of adequate parole plans, to support the BPT's decision. Furthermore, petitioner's contention that the Board's use of his parole plans and the opinions of the district attorney and police department and the evidence regarding his parole plans is also without merit. Under section 2402(b) of Title 15 of the California Code of Regulations the parole decision-maker shall consider all relevant and reliable information available in determining suitability for parole. Information from the prosecutors and the arresting and investigating officers, persons who have familiarity with petitioner's criminal acts, qualifies as relevant and reliable information.

Because the Court finds that the BPT's decision was based on some evidence, the Court concludes that the state court's determination was not contrary to, or an

---

[4] Petitioner did state that he had a job offer at a mechanic's shop and that a letter attesting to that was in his file. One commissioner stated that he did not see such a letter in petitioner's file. The Board did not discuss this point further. Ans., Ex. 2 at 23, 30-31, 33. Even if petitioner had evidence of a job offer in the United States, it would be largely irrelevant because Petitioner will likely be deported to Mexico.

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Delgado752_denyHC (MD).wpd       11

unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(1), (2).

**CONCLUSION**

The Court concludes that the state court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. The Court also concludes that its adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, for the foregoing reasons, the court DENIES the petition.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 30, 2008

James Ware
United States District Judge